## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMY BATTLE TAYLOR )
CORINNE COLLINS, ESTATE ) Civil Action No.:
BETH HOLLOWAY )
JUANITA R. GOLDFARB )
MARY HERNANDEZ )
JAMES HERNANDEZ )
MARCUS A. HERNANDEZ )
MATILDE HERNANDEZ, III )
VERONICA HERNANDEZ )
DELFINA ARRIOLA )
HORTENCIA ORTUNIO )
MARGARET SANTIAGO )
RODOLFO-RUDY HERNANDEZ )
RICHARD HERNANDEZ )
JOSIE CORTEZ )
LEONARDO HERNANDEZ, ESTATE )
ROBERT MUFFLER, JR. )
RONALD TISHMACK )
LESLIE TISHMACK )
TERESA TISHMACK, ESTATE )
CELIA WALKER )
ANNISE CRAWFORD )
ELIZABETH JAMES )
DOROTHY C. WINT )
KENNETH C. WINT )
LINDA VALANIA )
ROBERT WINT )
SHEILA FEATHERSTONE )
WALTER EMERSON WINT, SR, ESTATE)
JUTTA YARBER )
DAVID YARBER )
DEBORAH YARBER )
ROBERT YARBER )
HAZEL RENTON )
ALENE MASTERSON )
CLIFFORD YARBER )
CATHERINE ARNOLD )
CATHY WENDY ARNOLD )
MARK ARNOLD )
MOSES ARNOLD, SENIOR )
MOSES BERNARD ARNOLD )
ROSALIND ARNOLD )
SANDY CHRISTINE ACKLEY )

TIMOTHY DION ARNOLD )
                Plaintiffs, )
                 )
                 )
    v.                )
                 )
THE ISLAMIC REPUBLIC OF IRAN )
Ministry of Foreign Affairs )
Khomeini Avenue )
United Nations Street )
Tehran, Iran )
                 )
           Defendant. )
                 )
                 )

## COMPLAINT

(1) This action is brought by the Plaintiffs, Amy Battle Taylor, et al., by Counsel, in the individual capacity of each plaintiff and, as appropriate, in the capacity of each as personal representative of the estate more particularly described in the caption of this action, under the Foreign Sovereign Immunities Act. (28 U.S.C. § 1602 *et seq*.), as amended by § 1083 of the Defense Appropriations Act of 2008, H.R. 4986, Public Law 110-181. This Court exercises subject matter jurisdiction in accordance with the provisions of 28 U.S.C. §§ 1330(a), 1331, 1332(a)(2), and 1605A. This Court exercises in personam jurisdiction over the parties designated as Defendants in accordance with the provisions of 28 U.S.C. § 1605A. Venue in this Court is proper in accordance with the provisions of 28 U.S.C. § 1391(f)(4), which provides in pertinent part that a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

(2) § 1083 of Public Law 110-181, signed by President Bush on January 28, 2008, amended the Foreign Sovereign Immunities Act, (28 U.S.C. § 1602, *et seq*.) by establishing a separate, federal cause of action as set forth in 28 U.S.C. §1605A, and by extending the

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

2

statute of limitations for the Plaintiffs to a date 60 days after entry of judgment in an "action arising out of the same act or incident.." which was "timely commenced under § 1605(a)(7)[1]." Actions timely commenced under § 1605(a)(7) in this Court that relate to the Beirut bombing include *Peterson v. Islamic Republic of Iran*, No. 01-cv-2094; *Boulos v. Islamic Republic of Iran*, No. 01-cv-2684; *Valore v. Islamic Republic of Iran*, No. 03-cv-1959; *Bland v. Islamic Republic of Iran*, No. 05-cv-2124; *Arnold v. Islamic Republic of Iran*, No. 06-cv-516; *Murphy v. Islamic Republic of Iran*, No. 06-cv-596; *O'Brien v. Islamic Republic of Iran*, No. 06-cv-690; *Spencer v. Islamic Republic of Iran*, No. 06-cv-750; and *Davis v. Islamic Republic of Iran*, No. 07-cv-1302. *Valore, supra*, (March 31, 2010 Mem. Op. at page 4,) (Lamberth, J.) This case, therefore, is related to several related cases. Matters presently pending before this Court include *Davis v. Islamic Republic of Iran, supra,* and *O'Brien v. Islamic Republic of Iran, supra.* Judgment has not been entered in these actions. In addition, within the last 60 days the Court has entered judgment in the following actions referenced above: *Valore v. Islamic Republic of Iran, supra*, with which this Complaint is most closely related; *Spencer v. Islamic Republic of Iran*, No. 06-cv-750; and *Arnold v. Islamic Republic of Iran*, No. 06-cv-516. By the plain terms of § 1083(c)(3), the plaintiffs in this case may, therefore, proceed under § 1605A.

(3) The Plaintiffs in this action consist entirely of U.S. nationals who are immediate family members or the estates of such family members of deceased members of the United States Marine Corps, United States Navy, or United States Army, who died as a result of injuries inflicted in the terrorist attack upon the United States Marine Corps, Battalion 1/8, Headquarters Building of the 24th Marine Amphibious Unit, in Beirut, Lebanon, on October 23, 1983. Members of the United States Marine Corps were assigned to the 24th Marine

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

---

[1] Referring to 28 U.S.C. §1605(a)(7).

3

Amphibious Unit. Members of the United States Navy and United States Army were present at the site of the occurrence in support of the 24th Marine Amphibious Unit, either on a regular assigned basis or, temporarily, on the date of the occurrence below set forth.

(4) The Defendant, The Islamic Republic of Iran, is a foreign state which was, as a result of the acts hereinafter complained of, and is to the present, designated as a state sponsor of terrorism pursuant to § 6(j) of the Export Administration Act of 1979 (50 U.S.C. § 2405(j). App. )

(5) The Iranian Ministry of Information and Security is an agency of the Defendant, The Islamic Republic of Iran, and a part of that Government, whose activities included, at all times relevant to this action, the prosecution of terrorist acts directed against the armed forces of the United States and United States citizens, through the actions of its agents and employees and by and through providing material support to various terrorist organizations including the Lebanese terrorist organization known as "Hezbollah".

(6) Hezbollah[2] is an organization of Lebanese Muslims who are adherents of the Shia or Shiite faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". It advocates the expulsion of the United States from the Near East and is committed to violent action to that end and to the termination of the existence of the State of Israel. At all times relevant to this action, Hezbollah was given extensive support by the Defendant, which permitted it to carry out a wide ranging program of terrorism against the United States and the State of Israel, as well as a social welfare program designed to garner political support amongst the Shiite population of Lebanon. In 1983, at the time of the acts which give rise to

---

[2] The spelling of this word differs slightly in various publications. It is believed that this spelling is the most common. The organization also refers to itself in some publications as the "Party of God".

4

this action, Hezbollah was under the complete operational control of the Defendant, through Iranian Revolutionary Guard units within Lebanon. The Shia or Shiite Community in Lebanon had been economically depressed for an extended period of time prior to the date of the occurrence, and was further disadvantaged by a level of education far below that of other major groups within Lebanon. The provision of extensive economic support by the Defendant to Hezbollah, was necessary for that organization to carry out a terrorist attack of the scope and technological sophistication of the attack of October 23, 1983.

(7) The mission statement of the 24th Amphibious Unit on October 23, 1983 was "to provide a presence in Beirut that would in turn help establish the stability necessary for the Lebanese Government to regain control of its capital."[3] The Unit operated under normal, peacetime rules of engagement. Their geographic position was in a reinforced concrete building at the Beirut Airport. Although there was sporadic small arms and mortar fire directed at the airport, the Unit only replied through counter-fire when receiving such attacks. There was no mission designated by the United States Government, the Lebanese Government or anyone else under which the Unit was a participant in the ongoing civil war. The building being used by the Unit gave excellent protection from small arms, mortar and artillery rounds which struck it from time to time in the months preceding October 23, 1983.

(8) Acting on instructions from the Defendant, The Islamic Republic of Iran, through the Iranian Ministry of Information and Security and other Iranian agents of the Defendant in operational control of Hezbollah, with high level technical participation which would not have been available to Hezbollah in the absence of Iranian control and participation, carried out the construction of a gas enhanced explosive device with an explosive force equal to 22,000

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

---

[3] Statement of General Paul X. Kelly, Commandant, United States Marine Corps.

5

pounds of PETN[4]. This was, in turn, mounted in a large truck of a type used to transport beverage supplies to hotels, restaurants, stores and, in this case, airport terminal facilities. It had been determined by Iranian military engineers/terrorist experts to have sufficient weight to crash through an outer barbed wire emplacement, yet would fit between two sandbagged sentry posts, then penetrate through an iron fence gate, climb over a sewer pipe obstruction and though a sandbag inner barrier obstruction into a passenger entry hallway into the center lobby of the building to a position at which the Iranian military engineers/terrorist experts had calculated an explosion of the magnitude to be produced by the device would collapse the structure. At approximately 6:22 a.m., Beirut time, on October 23, 1983 the attack was carried out exactly in the complex manner planned by the Iranian agents, producing the results which their calculations had lead them to expect. The collapse of the four story, reinforced concrete structure resulted in the deaths of approximately 241 members of the Armed Forces of the United States and injury to numerous others.

(9) The actions of the agents of the Defendant as above set forth constituted acts extrajudicial killing and the provision of material resources for these acts as defined in 18 U.S.C., § 2339A.

(10) The formation of Hezbullah and its emergence as a major terrorist organization was the product of direct intervention by Iranian operatives, including the Iranian Revolutionary Guards, the Ministry of Information and Security, and Ali Akbar Mohtashemi, acting as Interior Minister of the Defendant, The Islamic Republic of Iran, and as the Iranian Ambassador to Syria. The above-referenced activities of Hezbollah were financed, technologically supported and commanded by Iranian military/intelligence operatives.

---

[4] Pentaerythritol tetranitrate

(11) Plaintiffs ask the court to take judicial cognizance of those cases which rely on allegations of the same facts and of the same torts alleged herein, in which the court has found Defendant, The Islamic Republic of Iran, as well as the Iranian Ministry of Information and Security, liable in the incidents mentioned. Those cases relying on these same facts and occurrences include: *Peterson, et. al. v. Islamic Republic of Iran*, 01-cv-2094-RCL (D.D.C.); *Valore v. Islamic Republic of Iran,* 03-cv-1959-RCL (D.D.C.); *Bonk. v. Islamic Republic of Iran,* 08-cv-1273 (D.D.C.); *Davis. v. Islamic Republic of Iran*, 07-CV-1302 RCL (D.D.C.); *Bland v. Islamic Republic of Iran*, 05-cv-2124-RCL (D.D.C.); and *Murphy v. Islamic Republic of Iran* 06-vc-596-RCL (D.D.C.).

**COUNT I**
Amy Battle Taylor, Estate of Corinne Collins,
Beth Holloway, Juanita R. Goldfarb
SOLATIUM CLAIM PURSUANT TO
28 U.S.C. §1605A FOR INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS

(12) The Plaintiffs Amy Battle Taylor, Estate of Corinne Collins, Beth Holloway, and Juanita R. Goldfarb, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(13) As a direct consequence of the actions of the Defendant, The Islamic Republic of Iran, the Plaintiffs, Amy Battle Taylor, Estate of Corinne Collins, Beth Holloway, and Juanita R. Goldfarb, members of the family of Decedent, David L. Battle, who suffered fatal injuries in the attack at the Marine Barracks on October 23, 1983, have suffered extraordinary grief and mental anguish through infliction of physical injury resulting in the death of David L. Battle, which was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community. Plaintiffs,

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

Amy Battle Taylor, Estate of Corinne Collins, Beth Holloway, and Juanita R. Goldfarb have each thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, the Plaintiffs, Amy Battle Taylor, Estate of Corinne Collins, Beth Holloway, and Juanita R. Goldfarb each demand judgment against the Defendant The Islamic Republic of Iran in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT II
Mary V. Hernandez, James Hernandez, Marcus A. Hernandez,
Matilde Hernandez, III, Veronica Hernandez, Delfina Arriola,
Hortencia Ortunio, Margaret Santiago, Rodolfo-Rudy Hernandez, Richard
Hernandez, Josie Cortez, Estate of Leonardo Hernandez
SOLATIUM CLAIM PURSUANT TO
28 U.S.C. §1605A FOR INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS

(14) The Plaintiffs, Mary V. Hernandez, James Hernandez, Marcus A. Hernandez, Matilde Hernandez, III, Veronica Hernandez, Delfina Arriola, Hortencia Ortunio, Margaret Santiago, Rodolfo-Rudy Hernandez, Richard Hernandez, Josie Cortez, Estate of Leonardo Hernandez, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(15) As a direct consequence of the actions of the Defendant, The Islamic Republic of Iran, Plaintiffs, Mary V. Hernandez, James Hernandez, Marcus A. Hernandez, Matilde Hernandez, III, Veronica Hernandez, Delfina Arriola, Hortencia Ortunio, Margaret Santiago, Rodolfo-Rudy Hernandez, Richard Hernandez, Josie Cortez, and the Estate of Leonardo Hernandez, members of the family of Decedent, Matilde Hernandez, Jr., who suffered fatal injuries in the attack at the Marine Barracks on October 23, 1983, have suffered extraordinary grief and mental anguish through infliction of physical injury resulting in the death of Matilde Hernandez, Jr., which was so extreme and outrageous as to exceed all possible bounds of

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

8

decency and must be regarded as atrocious and utterly intolerable in a civilized community. The Plaintiffs, Mary V. Hernandez, James Hernandez, Marcus A. Hernandez, Matilde Hernandez, III, Veronica Hernandez, Delfina Arriola, Hortencia Ortunio, Margaret Santiago. Rodolfo-Rudy Hernandez, Richard Hernandez, Josie Cortez, and the Estate of Leonardo Hernandez, have each thereby suffered damages in the amount of twenty ten million dollars.

WHEREFORE, Plaintiffs, Mary V. Hernandez, James Hernandez, Marcus A. Hernandez, Matilde Hernandez, III, Veronica Hernandez, Delfina Arriola, Hortencia Ortunio. Margaret Santiago, Rodolfo-Rudy Hernandez, Richard Hernandez, Josie Cortez, and the Estate of Leonardo Hernandez each demand judgment against the Defendant, The Islamic Republic of Iran, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT III
### Robert Muffler, Jr
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A FOR INTENTIONAL
### INFLICTION OF EMOTIONAL DISTRESS

(16) The Plaintiff, Robert Muffler, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

(17) As a direct consequence of the actions of the Defendant, The Islamic Republic of Iran, the Plaintiff, Robert Muffler, member of the family of Decedent, John Muffler, who suffered fatal injuries in the attack at the Marine Barracks on October 23, 1983, has suffered extraordinary grief and mental anguish through infliction of physical injury resulting in the death of John Muffler, which was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community. The Plaintiff, Robert Muffler, has thereby suffered damages in the amount of twenty million dollars.

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

9

WHEREFORE, the Plaintiff, Robert Muffler, demands judgment against the

Defendant, The Islamic Republic of Iran, in the amount of TWENTY MILLION DOLLARS

($20,000,000.00), besides costs.

## COUNT IV
### Ronald Tishmack, Leslie Tishmack, Estate of Teresa Tishmack
### SOLATIUM CLAIM PURSUANT TO
### 28 U.S.C. §1605A FOR INTENTIONAL
### INFLICTION OF EMOTIONAL DISTRESS

(18) The Plaintiffs, Ronald Tishmack, Leslie Tishmack, and the Estate of Teresa

Tishmack, repeat and re-allege each and every allegation set forth above with like effect as if

alleged herein.

(19) As a direct consequence of the actions of the Defendant, The Islamic Republic

of Iran, the Plaintiffs, Ronald Tishmack, Leslie Tishmack, and the Estate of Teresa Tishmack,

members of the family of Decedent, John Jay Tishmack, who suffered fatal injuries in the

attack at the Marine Barracks on October 23, 1983, have suffered extraordinary grief and

mental anguish through infliction of physical injury resulting in the death of John Jay

Tishmack, which was so extreme and outrageous as to exceed all possible bounds of decency

and must be regarded as atrocious and utterly intolerable in a civilized community. The

Plaintiffs, Ronald Tishmack, Leslie Tishmack, and the Estate of Teresa Tishmack, have each

thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, the Plaintiffs, Ronald Tishmack, Leslie Tishmack, and the Estate of

Teresa Tishmack, each demand judgment against the Defendant, The Islamic Republic of

Iran, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

10

### COUNT V
Celia Walker, Annise Crawford, Elizabeth James
SOLATIUM CLAIM PURSUANT TO
28 U.S.C. §1605A FOR INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS

(20) The Plaintiffs, Celia Walker, Annise Crawford, and Elizabeth James, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(21) As a direct consequence of the actions of the Defendant, The Islamic Republic of Iran, the Plaintiffs, Celia Walker, Annise Crawford, and Elizabeth James, members of the family of Decedent, Leonard Warren Walker, who suffered fatal injuries in the attack at the Marine Barracks on October 23, 1983, have suffered extraordinary grief and mental anguish through infliction of physical injury resulting in the death of Leonard Warren Walker, which was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community. The Plaintiffs, Celia Walker, Annise Crawford, and Elizabeth James, have each thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, the Plaintiffs, Celia Walker, Annise Crawford, and Elizabeth James, each demand judgment against the Defendant, The Islamic Republic of Iran, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

### COUNT VI
Dorothy C. Wint, Kenneth C. Wint, Linda Valania,
Robert Wint, Sheila Featherstone,
Estate of Walter Emerson Wint, Sr.
SOLATIUM CLAIM PURSUANT TO
28 U.S.C. §1605A FOR INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS

(22) The Plaintiffs, Dorothy C. Wint, Kenneth C. Wint, Linda Valania, Robert Wint, Sheila Featherstone, Walter Emerson Wint, Sr., repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

11

(23) As a direct consequence of the actions of the Defendant, The Islamic Republic of Iran, the Plaintiffs, Dorothy C. Wint, Kenneth C. Wint, Linda Valania, Robert Wint, Sheila Featherstone, the Estate of Walter Emerson Wint, Sr., members of the family of Decedent, Walter Emerson Wint Jr., who suffered fatal injuries in the attack at the Marine Barracks on October 23, 1983, have suffered extraordinary grief and mental anguish through infliction of physical injury resulting in the death of Walter Emerson Wint Jr., which was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community. The Plaintiffs, Dorothy C. Wint, Kenneth C. Wint, Linda Valania, Robert Wint, Sheila Featherstone, the Estate of Walter Emerson Wint, Sr., have each thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, the Plaintiffs, Dorothy C. Wint, Kenneth C. Wint, Linda Valania, Robert Wint, Sheila Featherstone, the Estate of Walter Emerson Wint, Sr., each demand judgment against the Defendant, The Islamic Republic of Iran, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

**COUNT VII**
Jutta Yarber, David Yarber, Deborah Yarber
Robert Yarber, Hazel Renton, Alene Masterson,
Clifford Yarber
SOLATIUM CLAIM PURSUANT TO
28 U.S.C. §1605A FOR INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS

(24) The Plaintiffs, Jutta Yarber, David Yarber, Deborah Yarber, Robert Yarber, Hazel Renton, Alene Masterson, and Clifford Yarber, repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(25) As a direct consequence of the actions of the Defendant, The Islamic Republic of Iran, the Plaintiffs, Jutta Yarber, David Yarber, Deborah Yarber, Robert Yarber, Hazel Renton, Alene Masterson, and Clifford Yarber, members of the family of Decedent, James

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

12

Yarber, who suffered fatal injuries in the attack at the Marine Barracks on October 23, 1983,

have suffered extraordinary grief and mental anguish through infliction of physical injury

resulting in the death of James Yarber, which was so extreme and outrageous as to exceed all

possible bounds of decency and must be regarded as atrocious and utterly intolerable in a

civilized community. The Plaintiffs, Jutta Yarber, David Yarber, Deborah Yarber, Robert

Yarber, Hazel Renton, Alene Masterson, and Clifford Yarber, have each thereby suffered

damages in the amount of twenty million dollars.

WHEREFORE, the Plaintiffs, Jutta Yarber, David Yarber, Deborah Yarber, Robert

Yarber, Hazel Renton, Alene Masterson, and Clifford Yarber, each demand judgment against

the Defendant, The Islamic Republic of Iran, in the amount of TWENTY MILLION

DOLLARS ($20,000,000.00), besides costs.

## COUNT VIII
Catherine Arnold, Cathy Wendy Arnold, Mark Arnold,
Moses Arnold, Sr., Moses Bernard Arnold, Rosalind Arnold,
Sandy Christine Ackley, Timothy Dion Arnold,
SOLATIUM CLAIM PURSUANT TO
28 U.S.C. §1605A FOR INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS

(26)   The Plaintiffs, Catherine Arnold, Cathy Wendy Arnold, Mark Arnold, Moses

Arnold, Sr., Moses Bernard Arnold, Rosalind Arnold, Sandy Christine Ackley, and Timothy

Dion Arnold, repeat and re-allege each and every allegation set forth above with like effect as

if alleged herein.

(27)   As a direct consequence of the actions of the Defendant, The Islamic Republic

of Iran, the Plaintiffs, Catherine Arnold, Cathy Wendy Arnold, Mark Arnold, Moses Arnold,

Sr., Moses Bernard Arnold, Rosalind Arnold, Sandy Christine Ackley, and Timothy Dion

Arnold, members of the family of Decedent, Moses Arnold Jr., who suffered fatal injuries in

the attack at the Marine Barracks on October 23, 1983, have suffered extraordinary grief and

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

13

mental anguish through infliction of physical injury resulting in the death of Moses Arnold Jr., which was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community. The Plaintiffs, Catherine Arnold, Cathy Wendy Arnold, Mark Arnold, Moses Arnold, Sr., Moses Bernard Arnold, Rosalind Arnold, Sandy Christine Ackley, and Timothy Dion Arnold, have each thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, the Plaintiffs, Catherine Arnold, Cathy Wendy Arnold, Mark Arnold, Moses Arnold, Sr., Moses Bernard Arnold, Rosalind Arnold, Sandy Christine Ackley, and Timothy Dion Arnold, each demand judgment against the Defendant, The Islamic Republic of Iran, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), besides costs.

## COUNT IX
### ALL PLAINTIFFS
### PUNITIVE DAMAGES
### 28 U.S.C. §1605A

(28) The Plaintiffs individually repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

(29) The actions of the Hezbollah members, as above set forth, were intentional and malicious and in willful, wanton and reckless disregard of the rights and physical well being of each of the Plaintiffs. All of the acts of Hezbollah were facilitated by funding, training and support by the Iranian Ministry of Information and Security. In accordance with 28 U.S.C. § 1605A, the Defendant, The Islamic Republic of Iran, is, therefore, vicariously liable for the actions of the Hezbollah perpetrators of the subject atrocity. In providing such funding, direction and training, the Iranian Ministry of Information and Security was acting within the scope of its agency as an instrumentality of The Islamic Republic of Iran. Said agency rendered material support to those actually carrying out the acts above described. An award of

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

14

punitive damages is requested as to Defendant in accordance with the provisions of Public

Law 105-277, amending 28 U.S.C. §1650(a)(7), making a nation which has been designated

as a "state sponsor of terrorism under §6(j) of the Export Administration Act of 1979", liable

for punitive damages.

WHEREFORE, Plaintiffs demand that judgment be entered against Defendant The

Islamic Republic of Iran in the amount of FIVE HUNDRED MILLION DOLLARS

($500,000,000.00), and costs.

**Respectfully Submitted,**

THE DONAHUE LAW FIRM

/s/

Dated: May 13, 2010

Patrick M. Donahue, Esq.
18 West Street
Annapolis, MD 21401
(410) 280-2023
DC Bar # 358184

LAW OFFICES OF
JOSEPH PETER DRENNAN

/s/

Joseph Peter Drennan, Esq.
218 North Lee Street, Third Fl.
Alexandria, VA 22314
(703) 519-3773
DC Bar #358096

FAY KAPLAN LAW, PA

/s/

Thomas Fortune Fay, Esq.
777 Sixth Street, NW
Suite 410
Washington, DC 20001
(202) 589-1300

LAW OFFICES OF
DAN GASKILL

/s/ _Dan Gaskill_

Dan Gaskill, Esq.
206 North Adams Street
Rockville, MD 20850
(301) 279-7400

The Donahue Law Firm
18 West Street
Annapolis, MD 21401
(410) 280-2023

16